UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE ANDERSON,

    Plaintiff,

v.

    Case No.: 23-12372
    Hon. Gershwin A. Drain

GENERAL MOTORS
CORPORATION, *ET AL*.

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECUSAL [ECF No. 12]; AND *SUA SPONTE* DISMISSING COMPLAINT

On September 19, 2023, pro se Plaintiff Dwayne Anderson filed a complaint alleging a claim under *Bivens v. Six Unknown Named Agents*. He also asserts constitutional violations of the First and Fourteenth Amendments, in addition to state law claims for Fraud and Unfair and Deceptive Business Practices. The complaint names Defendants General Motor Corporation ("GM"), Mary T. Barra, Joshua Priester, Cynthia DePaulis, "Clerk of Chief Judge (name Unknown) Circuit Court of Michigan", the Michigan Judicial Tenure Commission, "Special Patricia Perez Fresard," and Molly Kettler. ECF No. 1.

On October 3, 2023, the Court entered an Order Requiring Plaintiff to Show Cause Why This Case Should Not Be Dismissed For Failure to State A Claim and Requiring Plaintiff to File An Amended Complaint [ECF No. 5] (the "Order to

Show Cause"). In that Order, the Court stated that "Plaintiff is ordered to show cause in writing, why this case should not be dismissed for failure to state a claim." *Id*. at PageID.21. It also stated that Plaintiff must file an amended complaint "to supply factual allegations that support his legal conclusions." *Id*. Plaintiff's response and amended complaint were due no later than October 16, 2023. And the Court warned that "Failure to respond or file an amended complaint will result in the case being dismissed." *Id*. Plaintiff did not respond, so the Court dismissed his case on October 23, 2023. [ECF No. 6].

On November 11, 2023, Plaintiff filed motion to vacate order of dismissal [ECF No. 8]. In his motion, Plaintiff averred that he did not receive the Court's Order to Show Cause. He said, "he learned of such purported Order via said October 23, 2023 Order of Dismissal," which he "did not receive until November 6, 2023." ECF No. 8, PageID.37. "Therefore," Plaintiff said, "this Court must vacate its Order of Dismissal to afford [him] Due Process to be heard on such purported order and to order an investigation into this Court Clerk's office purporting to have sent [him] such order." *Id*. He requested that the Court send him the Order to Show Cause at "jayproject952@gmail.com," or by certified mail, "to assure [his] receipt of such . . . because this appear [sic] to involve impropriety and criminal activities in favor of the prominent Defendants in the instant case." *Id*.

2

On March 15, 2024, the Order to Show Cause, previously sent by mail to Plaintiff's address of record at 3895 Christine Gardens Road East, Memphis, TN 38118, was returned as undeliverable. Because Plaintiff did not receive the Order to Show Cause, the Court vacated the Order of Dismissal, and "ordered [Plaintiff] to update his address of record with the Clerk's Office." ECF No. 10, PageID.43. The Court warned that Plaintiff "must comply with the Order to Show Cause and file his amended complaint no later than June 5, 2024. Failure to comply with the Order to Show Cause or file an amended complaint alleging facts that plausibly state a claim to relief will result in this case being dismissed again." ECF No. 10, PageID.43.

Plaintiff filed a "Response to Order to Show Cause" and motion for recusal of judge. *See* ECF Nos. 11 and 12. For the reasons set forth below, Plaintiff's motion for recusal is **DENIED**, and his complaint is **DISMISSED**.

Plaintiff asks this Court to recuse from the case. In his motion, he states *verbatim*,

> In this court's said order vacating its dismissal, this court purports that 'its previously sent Order to Show Cause sent to my address of record was returned to this court on March 15, 2024, as undeliverable, almost five (5) months later, and therefore I did not receive said order.' However, within my subject motion to vacate, I requested an investigation into this court clerk's office for failing to send me said order to show cause, and because of said request, the mail subject has purportedly returned on March 15, 2024, as undeliverable, which I did not learn of until May 22, 2024, over two (2) months later.

3

> Therefore, on this issue, it appears that this court is attempting to circumvent the clerk's office fraudulent claim that this court's order to show cause was sent to me and has somehow not returned to this court as "undeliverable" over two (2) later, of which I was not made aware.

ECF No. 11, PageID.45.

In the previously filed Motion to Vacate, Plaintiff attempted to allege that the clerk's office engaged in some sort of impropriety by making a "fraudulent claim." *Id*. Apparently, Plaintiff believes that the clerk's office never sent him the Order to Show Cause. And Plaintiff asks this Court to recuse simply because it did not conduct an "investigation" into the clerk's office concerning this subject.

Plaintiff's motion for recusal is wholly inappropriate because, *inter alia*, it rests entirely on speculation, and it is contradicted by the record. As demonstrated by ECF No. 9, the Order to Show Cause was mailed to Plaintiff at his address of record, 3895 Christine Gardens Road East, Memphis, TN 38118. And it was returned to sender as undeliverable on March 15, 2024. Notably, any prejudice Plaintiff experienced by the failure of the mail delivery service has been remedied because the Court vacated its Order of Dismissal and allowed Plaintiff a renewed opportunity to comply with the Order to Show Cause.

Additionally, Plaintiff's motion for recusal suffers several defects discussed below. First he fails to cite any legal authority supporting recusal under 28 U.S.C.

4

§ 455 or § 144. More importantly, even if, assuming *arguendo*, Plaintiff had alleged specific allegations of impropriety or fraud against the clerk's office, the Court's role in this case does not include the provision of investigative assistance concerning an internal court unit. It is not the Court's role, nor is it an appropriate exercise of judicial resources, to provide investigative assistance regarding the conduct of an internal court unit. For these reasons, Plaintiff's motion for recusal is **DENIED**.

Additionally, the Court will enter *sua sponte* dismissal of the instant action because, though Plaintiff responded to Order to Show Cause, he did not comply with it. Despite this Court's orders, he failed to attach an amended complaint and he failed to offer any well-pled allegations to support the inference that he is entitled to relief. Indeed, Plaintiff failed to address any of the deficiencies the Court raised with his complaint in the Order to Show Cause. See ECF No. 5, PageID.25-29. The Court incorporates by reference the factual background and analysis stated in the Order to Show Cause. For the reasons discussed therein, Plaintiff fails to state a claim upon which relief may be granted.

Instead of filing an amended complaint and addressing the deficiencies that exist in the original complaint, Plaintiff's response again accuses this Court of being biased. The argument he offers is stated as follows.

> Defendants have not even filed a Rule 12(b)(6) motion to dismiss because this court has overtly acted in an unlawful representative capacity in favor of Defendants and simultaneously omitted my presented facts in order to prevent the Defendants from having [sic] properly respond to the instant action. The facts presented in my instant complaint clearly state a claim upon which relief can be granted. Moreover, no Amended Complaint herein, as this court has instructed, would provide this court with a clearer factual allegation of the violations of my constitutional and statutory rights. This is simply a case where the court has acted in concert with the Defendants in order to dismiss the instant case, which constitutes federal offenses. This court, however, believes for one example, the Federal Bureau of Investigation can cover up my Request for a Criminal Investigation into the Federal crimes committed against [sic] by the State of Michigan Defendants. That is part of my allegations, among the other asserted violations certainly states a claim against the federal defendants.

ECF No. 11, PageID.47.

As stated in the analysis section of the Order to Show Cause, this Court did not act improperly by *sua sponte* evaluating this *pro se* Plaintiff's *in forma pauperis* complaint. Pursuant to its duty under 28 U.S.C. 1915(e)(2), the Court must screen and dismiss "*in forma pauperis* complaints that fail to state a claim[,] [the Statute] applies to complaints filed by non-prisoners as well as prisoners." *Tallent v. United States on behalf of Internal Revenue Serv.*, No. 3:23-CV-51, 2023 WL 4046268, at *1 (E.D. Tenn. June 16, 2023) (*citing Baker v. Wayne Cnty. Fam. Indep. Agency*, 75 F. App'x 501, 502 (6th Cir. 2003).

Plaintiff says that this Court omitted facts from its analysis in the Order to Show Cause. Contrary to his assertion, however, this Court discussed the factual

6

allegations of his complaint in detail, and Plaintiff fails to say specifically which of his factual allegations—that were supposedly omitted from the analysis—demonstrate that his complaint satisfies Fed. R. Civ. P. 8 or could Rule survive a 12(b)(6) motion. He says this court "believes for one example, the Federal Bureau of Investigation can cover up my Request for a Criminal Investigation into the Federal crimes committed against [sic] by the State of Michigan Defendants. That is part of my allegations, among the other asserted violations certainly states a claim against the federal defendants." ECF No. 11, PageID.47. Plaintiff is incorrect. Again, as stated in this Court's Order to Show Cause, "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." ECF No. 5, PageID.28 (citing *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). *See also Khaled v. Dearborn Heights Police Dep't*, 711 F. App'x 766, 771 (6th Cir. 2017) (citing *Mitchell*, 487 F.3d at 378).

Plaintiff does not even attempt to comply with this Court requirements stated in the Order to Show Cause, choosing instead to simply conclude that "[t]he facts presented in my instant complaint clearly state a claim upon which relief can be granted." ECF No. 11, PageID.47. His legal conclusions are unsupported by

7

factual allegations, and Plaintiff failed to comply with this Court's orders by choosing not to file an amended complaint or explain factual bases supporting his legal conclusions.

Additionally, he offers no valid basis for recusal. Instead, he takes issue with the Court's duty to evaluate his *in forma pauperis* complaint before it is served on the Defendants. And he opines that "this court has substantially delayed notifying me on the purported returned motion to vacate and has concealed such from me." ECF No. 11, PageID.47. Again, any delay in notification is attributable to the failure of the mail delivery service, not this Court. These circumstances do not reveal the appearance of bias and Plaintiff's response to the Order to Show Cause is deficient. Therefore, his motion for recusal is **DENIED**, and, as the Court warned, Plaintiff's complaint is **DISMISSED**.

SO ORDERED.

Dated: July 1, 2024 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 1, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

8